GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP

JOHNATHAN C. BOLTON                9650-0
999 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone: 808.547.5854
Facsimile: 808.547.5880
Email: jbolton@goodsill.com

ANDRES ORTIZ LAW

ANDRES ORTIZ    (Pro Hac Vice Admission Pending)
4201 Long Beach Blvd., Ste 326
Long Beach, CA 90807
Phone: 657.243.3768
Email: andres.ortiz@andresortizlaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| John Doe,[1] <br><br>                    Plaintiff, <br><br> vs. <br><br> United States Department of Homeland Security and U.S. Customs and Border Protection, <br><br>                    Defendants. | Case No.: 1:25-cv-00507 <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR A VIOLATION OF 5 U.S.C. §§ 552 |
|---|---|

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

[1] A motion to proceed under a pseudonym, and a motion to seal are being filed concurrently with this Complaint.

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of Homeland Security ("DHS") and United States Customs and Border Protection ("CBP") to comply with their statutory obligation to promptly and thoroughly respond to Plaintiff's FOIA request.

2.  Plaintiff is a naturalized United States citizen, since 2023. For several years, he traveled internationally and presented himself for inspection upon arrival at a Port of Entry. Since becoming a citizen, each time he traveled prior to February 2025, Plaintiff was inspected and allowed to enter the United States without any additional scrutiny. However, since February, 2025, he has been sent to secondary inspection every time. He was informed that some prior convictions on his record from his country of birth were the reason he was referred to secondary inspection, but he was never told which specific convictions were the reasons for the increased scrutiny. The Plaintiff admits that he had prior convictions in his country of birth before being granted his permanent residency in the United States. Those convictions were disclosed to United States Citizenship and Immigration Services (the "Service") when the Plaintiff became a Permanent Resident and were forgiven and/or waived. The Service considered Plaintiff's convictions before granting the Plaintiff's naturalization application. Despite this

history, the Plaintiff has been referred to secondary inspection every time he has traveled internationally since February 2025.

3. Plaintiff submitted a FOIA request to Defendants on March 20, 2025, seeking agency records. On September 26, 2025, several months after the statutory response period expired, Defendants responded indicating that there were no responsive records. The Plaintiff timely filed a FOIA Appeal on October 14, 2025. To date, Defendants have not acknowledged the appeal nor have they produced any responsive records.

4. Unquestionably, there are records in the Defendants' database that has caused the Plaintiff to be referred to secondary inspection several times; however, they have not been disclosed. To date, Defendants have failed to produce responsive records, and have unlawfully withheld agency records subject to disclosure.

5. Plaintiff seeks declaratory and injunctive relief requiring Defendants to immediately process his FOIA request and release all non-exempt records responsive to it.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1346. The Court has subject matter and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff resides in this District and the records are being improperly withheld by agencies of the United States. Venue is proper because a substantial portion of the events giving rise to this action occurred in this District and because the Defendants maintain records and information subject to FOIA in this District.

## PARTIES

8. Plaintiff has been a naturalized citizen of the United States since June 27, 2023. He currently resides in Honolulu, Hawai'i. He filed a FOIA request to understand why he has been referred to secondary inspection every time that he has traveled outside of the United States since February 2025. He filed the FOIA request with CBP on March 20, 2025, and, to date, has not received a substantive response.

9. Defendant DHS is a federal agency within the meaning of 5 U.S.C. § 552(f). DHS is the executive department responsible for enforcing federal immigration laws and is an agency of the United States. DHS has possession of, and control over, the information sought by the Plaintiff under the FOIA request.

10. Defendant CBP is a component agency of DHS and is a federal agency within the meaning of 5 U.S.C. § 552(f). CBP officers are responsible for inspecting citizens upon entry to the United States. CBP officers inspected and

referred the Plaintiff to secondary inspection every time he presented himself for inspection since February 2025.  CBP has possession of, and control over, the information sought by the Plaintiff under the FOIA request.

## STATUTORY BACKGROUND

11. FOIA, 5 U.S.C. § 552, mandates disclosure of records held by a federal agency in response to a request for such records by a member of the public, unless the records sought fall within certain narrow statutory exceptions.

12. The basic purpose of FOIA is to enable to the public to hold the government accountable for its actions through transparency and public scrutiny of governmental operations and activities.  Through access to government information, FOIA helps the public better understand the government, thereby enabling a vibrant and functioning democracy.  *See* Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 26, 2006) ("In our democracy, the Freedom of Information Act (FOIA), which encourages accountability through transparency, is the most prominent expression of a profound national commitment to ensuring an open Government.").

13. Any member of the public may request records from an agency of the United States under FOIA.  With respect to an appeal, the agency that that receives a FOIA request must respond in writing within 20 business days after

receipt of the request. *See* 5 U.S.C. § 552(a)(6)(A)(ii). In its response, the agency must inform the requestor whether or not intends to comply with the request, provide reasons for its determination, and inform the requestor of his or her right to appeal the determination. FOIA provides an extension of this deadline "[i]n *unusual* circumstances" but limits this extension to "ten working days." *See* 5 U.S.C. § 552(a)(6)(B)(i) (emphasis added).

14. A FOIA requestor is deemed to have exhausted all administrative remedies if the agency fails to comply with the request within the statutory time limit. *See* 5 U.S.C. § 552(a)(6)(C)(i).

15. FOIA requires an agency to timely disclose all records to a FOIA request that do not fall within nine narrowly construed statutory exemptions. *See* 5 U.S.C. § 552(a)(3)(A); and 5 U.S.C. § 552(b)(1)-(9). FOIA also requires the agency to make a reasonable search for responsive records. 5 U.S.C. § 552(a)(3)(C).

16. Upon the requestor's complaint, a district court has jurisdiction to enjoin an agency from withholding records and to order production of records subject to disclosure. *See* 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

17. The Plaintiff has been a naturalized citizen of the United States since 2023. Both before and after naturalizing, he had no issues traveling

internationally. He was never detained by CBP upon presenting himself for inspection upon entering the United States.

18. Since February, 2025, however, the Plaintiff has traveled internationally four times. Each time he traveled, he was referred to secondary inspection by CBP and sent to secondary inspection where he was subject to further questioning. During his secondary inspection, he was subject to hostility by the CBP agents. During this detention, he was subject to threats and scrutiny that is not faced by other citizens entering the United States after traveling internationally. Each time, the CBP agents told him that he was being detained because of criminal activity from when he lived in his country of birth. Each time, the Plaintiff explained that his convictions were (1) "spent" under his country's criminal laws and (2) disclosed to the Service along with the appropriate waivers; which were granted; and (3) the Service reviewed his immigration and criminal history a second time when he applied for naturalization.

19. The officers told him that he needed to fix his record or he would continue running into these issues when appearing for inspection at CBP. Not knowing what needed to be "fixed" the Plaintiff filed a FOIA request on March 20, 2025 with CBP. He requested to know *why* he was continuously detained after February 2025. Through its automated system, CBP instantaneously issued a

receipt and it has not invoked any unusual circumstances that would warrant a ten-day extension.

20. On July 27, 2025, the Plaintiff filed a FOIA appeal because the request was not adjudicated within the statutory period. The Appeal was "closed" and no documents were provided to the Plaintiff.

21. On September 26, 2025, several months after the statutory response period expired, Defendants responded indicating that there were no responsive records. The Plaintiff timely filed a FOIA Appeal on October 14, 2025. To date, Defendants have not acknowledged the appeal nor have they produced any responsive records. Further, Defendants have not explained any "unusual circumstances" that would justify a 10-day extension to respond to the appeal. The Plaintiff seeks this Court's assistance in helping him understand why he keeps getting detained, despite having no criminal record in his home country and no conviction that was not previously forgiven by the Service.

## CAUSE OF ACTION
### Count 1
**(Violation of FOIA 5 U.S.C. § 552)**

22. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

23. Defendants have wrongfully withheld agency records in violation of 5 U.S.C. § 552(a)(3).

24. Defendants have failed to make a determination within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(ii).

25. Plaintiff is deemed to have exhausted administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

26. Plaintiff is entitled to declaratory and injunctive relief requiring Defendants to promptly process Plaintiff's FOIA request and release all non-exempt responsive records under 5 U.S.C. § 552(a)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests entry of an order and judgment against the Defendants granting the relief requested herein, as follows:

1. Declaring that Defendants violated FOIA by failing to timely respond and by unlawfully withholding responsive records;
2. Ordering Defendants to immediately and expeditiously conduct a reasonable search for all records responsive to Plaintiff's March 20, 2025 FOIA request and the subsequent October 14, 2025 FOIA Appeal;
3. Ordering Defendants to promptly produce all non-exempt responsive records;
4. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.  Granting Plaintiff such other relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, November 25, 2025.

                                                          /s/ Johnathan C. Bolton
JOHNATHAN C. BOLTON
ANDRES ORTIZ

Attorneys for Plaintiff