## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| John Doe,[1]<br><br>    Plaintiff,<br><br>vs.<br><br>United States Department of Homeland Security; and Customs and Border Protection,<br><br>    Defendants. | Case No.:<br><br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

Plaintiff seeks leave to litigate this case under the pseudonym **"John Doe."** Courts recognize that although Federal Rule of Civil Procedure 10(a) generally requires parties to be named, but pseudonymity is warranted in unusual cases where identification would expose a litigant to harassment, retaliation, or the disclosure of highly personal matters.

Because Plaintiff is a celebrity, public disclosure of his identity in connection with this litigation would trigger intense and intrusive media attention, risk harassment from fans and detractors alike, and needlessly expose sensitive private information unrelated to the merits of the case. The balance of factors strongly supports allowing Plaintiff to proceed pseudonymously.

## II.    FACTUAL BACKGROUND

Plaintiff is a widely-recognized public figure.  He is highly susceptible to media exploitation and has previously experienced intrusive press coverage and online harassment.  *See* Declaration of Plaintiff ("Plaintiff Decl.").  As the Plaintiff explains, he was essentially orphaned as a child.  *Id.* ¶ 2-4.  This difficult upbringing led the Plaintiff to a tumultuous young life.  Ultimately, the Plaintiff was arrested on drug and theft charges in his country of birth.  *Id.* ¶ 5-6.  During the criminal hearings, the Plaintiff was sentenced to an intensive rehabilitation program that he successfully completed.  *Id.* ¶ 11.  After successfully completing the program, he returned to court and his convictions were eventually "spent" under foreign law.  *Id.* ¶ 17.  To this day, the Plaintiff has been sober for over 29 years and remains active in attending and sponsoring Alcoholics Anonymous (AA) meetings.  *Id.* ¶ 16.

Once the Plaintiff's life was stabilized, he pursued a higher education and eventually enrolled in a collect program where he received his Bachelor's Degree. *Id*. at ¶ 12.  Eventually, Plaintiff received an O-1 visa to work in the United States. *Id.* ¶ 13.  After moving to the United States, Plaintiff met and married his wife. *Id.* ¶ 14.  Plaintiff's wife sponsored him for his permanent residency.  *Id.* ¶ 15. During this confidential process, Plaintiff disclosed his

criminal and immigration issues, despite the convictions being "spent" under foreign law. *Id.* ¶ 16. Additionally, he applied for all waivers that would allow him to receive his permanent residency, and all waivers and applications were granted in November 2019. *Id.* ¶ 17. Plaintiff was told that once the waivers and his permanent residency was granted, he would be given a "clean slate" in the eyes of U.S. immigration. *Id.* ¶ 17. In 2023, the Plaintiff applied for, and received, his U.S. citizenship. *Id.*

After naturalizing, Plaintiff traveled outside of the country numerous times before February 2025 without incident. However, starting in February 2025, every time the Plaintiff has presented himself for inspection with Customs and Border Protection ("CBP"), he has been treated with hostility by CBP officers. *See* Plaintiff Decl. at ¶ 18, 20. Each time, the Plaintiff has been held for several hours and been unable to communicate with his wife or his counsel, despite being told that he would receive a "clean slate." *Id.* Consequently, Plaintiff sought to recover his immigration records to understand why, despite being granted his green card and U.S. citizenship, he was continuously stopped by immigration by filing a FOIA on March 20, 2025 (*see* Exhibit 1- Initial FOIA Request), and an appeal, for not processing the FOIA request within the allotted 20- or 30-day period (*see* Exhibit 2 - FOIA Appeal).

On September 26, 2025, several months after the statutory response period expired, Defendants responded indicating that there were no responsive records. *See* Exhibit 3- FOIA Decision Letter.  Plaintiff timely filed a FOIA Appeal on October 14, 2025.  *See* Exhibit 4- Proof of Second CBP Appeal.  To date, Defendants have not acknowledged the appeal nor have they produced any responsive records.

## III.   ARGUMENT AND AUTHORITIES

### A.   Legal Standard

According to Federal Rule of Civil Procedure 10(a), the title of a complaint must name all parties.  *See* Fed. R. Civ. P. 10(a).  However, the Rule's "normal presumption of openness in judicial proceedings yields in unusual cases," where anonymity is necessary.  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  The Ninth Circuit directs courts to balance three factors in considering this issue:  (1) the severity of the threatened harm, (2) the reasonableness of the party's fears, and (3) the party's vulnerability to such harms. *Id*. at 1068.  Courts then weigh these three factors against (1) prejudice to the opposing party and (2) the public's interest in open proceedings.  *Id*. at 1068–69. Additionally, other Circuits have observed that proceeding under a pseudonym may be appropriate when the plaintiff is challenging the actions of the government.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) *and Doe v. Barr*, 479 F. Supp. 20, 25-26 (S.D.N.Y. 2020).

While transparency is a cornerstone of judicial proceedings, the Ninth Circuit recognizes that concealing a party's name does not necessarily impede public scrutiny of legal issues. *See Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042–44 (9th Cir. 2010). Pseudonymity is appropriate in this case.

### B.    Plaintiff's Need for Anonymity Is Compelling

The Ninth Circuit has recognized that anonymity may be justified to protect litigants from "harassment, injury, ridicule, or personal embarrassment." *Advanced Textile*, 214 F.3d at 1067–68. Further, because this lawsuit involves a celebrity suing the government, for the government's inaction, it will be no doubt be subject to greater notoriety. *Doe*, 479 F.Supp. at 25-26.

While the complaint does not contain allegations implicating intensely personal and sensitive matters; the substance of the information sought does. If Plaintiff's true name is made public in connection with these proceedings, he faces a serious risk of reputational harm, and harassment. Specifically, like in *Doe*, the Plaintiff has lived a difficult past. While the plaintiff in *Doe* had medical issues and identified as homosexual, by applicable analogy, the Plaintiff here has details

-5-

in his life that one would want to remain private.  First, he was abandoned by his

father and his mother allowed him to become a part of the foster care system.  This

led to significant trauma and the Plaintiff feeling unwanted by anyone.  He

eventually became homeless and used drugs to cope.  His negative coping

mechanisms led to troubles with the law.  It was not until the Plaintiff successfully

completed an intensive rehabilitation program that he turned his life around for the

better.  Undoubtedly, this past history is traumatic.  Every time the Plaintiff re-

enters the United States, he is forced to re-live this past and he suffers additional

consequences because of the convictions that have been "spent" by the foreign

court system and been "forgiven" by U.S. immigration.  While this Court does not

have the authority to prevent CBP from continually harassing the Plaintiff, it can

facilitate understanding *why* this conduct continues happening.

      Additionally, Plaintiff has attempted to maintain a private lifestyle despite

his celebrity.  He does not have social media accounts and continues to deal with

his past struggles with substance abuse *anonymously*.  Additionally, he has not

made his past part of his public narrative by writing a book or giving interviews

about his past issues.  If the substance of the request is discovered by media, he

may be forced to speak about his past that the Plaintiff has worked to keep private

and off the public's radar.  Indeed, Plaintiff completed a confidential immigration

process to become a citizen.  Because his request is related to this previously

confidential process, he should be permitted to proceed under a pseudonym now.

Second, the Plaintiff's concerns are reasonable.  Given the digital age, it

would be easy for the public to learn about the lawsuit and inquire as to *why* the

Plaintiff, who has maintained a private lifestyle despite his notoriety, is suing the

United States government.  Additionally, until this is resolved, he risks being

"caught on camera being arrested by immigration" despite resolving all of these

issues when he received his permanent residency and now being a citizen.  Indeed,

forcing the Plaintiff to proceed with his birth name reasonably risks "personal

embarrassment."

### C.    Minimal or No Prejudice to Defendant

Proceeding under a pseudonym will not prejudice the Defendants.  Plaintiff

is willing to disclose his identity to the Court and to Defendants' counsel under a

protective order.  Defendants' ability to investigate, conduct discovery, and present

a defense will remain fully intact.  This is particularly true because the suit is only

being filed because of the agency's inaction.  Courts consistently hold that

pseudonymity does not hinder defendants when such safeguards are in place.

**D.     The Public's Interest Is Preserved**

Allowing Plaintiff to proceed under the pseudonym "John Doe" will not deprive the public of meaningful access to judicial proceedings.  The public will be able to review the pleadings, arguments, and court rulings in full, with only Plaintiff's name withheld.  As the Ninth Circuit explained, concealing a litigant's name often does not prevent the public from scrutinizing the underlying legal issues.  *See Kamehameha Schools*, 596 F.3d at 1042–44.  Indeed, the Petitioner is filing this action because CBP has failed to produce the FOIA documents within the statutorily-mandated time period.  The public can be apprised of the government's (lack of) conduct without exposing the Plaintiff's identity.  Thus, the public's interest remains protected.

**IV.    CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court enter an order permitting him to proceed under the pseudonym **"John Doe"** and granting Plaintiff all other relief to which he may be entitled.

DATED:  Honolulu, Hawaii, November 25, 2025.

_/s/ Johnathan C. Bolton___
JOHNATHAN C. BOLTON
ANDRES ORTIZ

Attorneys for Plaintiff