GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP

JOHNATHAN C. BOLTON                     9650-0
999 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone: 808.547.5854
Facsimile: 808.547.5880
Email: jbolton@goodsill.com

ANDRES ORTIZ LAW

ANDRES ORTIZ     (Pro Hac Vice Admission Pending)
4201 Long Beach Blvd., Ste 326
Long Beach, CA 90807
Phone: 657.243.3768
Email: andres.ortiz@andresortizlaw.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAI'I**

| John Doe,[1]            | Case No.:               |
|                         |                         |
| Plaintiff,              |                         |
|                         | MEMORANDUM IN           |
| vs.                     | SUPPORT OF MOTION       |
|                         |                         |
| United States Department of Homeland Security; and Customs and Border Protection, |  |
|                         |                         |
| Defendants.             |                         |

**<u>MEMORANDUM IN SUPPORT OF MOTION</u>**

## I. INTRODUCTION

Plaintiff moves for leave to file, under seal, the Declaration of Plaintiff, along with the exhibits thereto, containing Plaintiff's true identity and sensitive personal information. Public disclosure of such information would defeat the purpose of Plaintiff's concurrently-filed complaint filed under a pseudonym and cause irreparable harm because of the substantial risk of reputational harm or its use for harassment or scandalous or libelous purposes.

## II. LEGAL STANDARD

Generally, a party seeking to seal a judicial record must overcome the strong presumption in favor of public access to judicial documents by meeting the "compelling reasons" standard. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). This Court has explained that, "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

-1-

This Court has also explained that judicial records attached to dispositive motions are treated *differently* from records attached to non-dispositive motions. *See Kamakana*, 447 F.3d at 1180. Those who seek to maintain the secrecy of documents attached to dispositive motions must show that "compelling reasons" support secrecy (*Foltz* at 1136) but a showing of "good cause" under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Id*. at 1135.

In this case, Plaintiff seeks to seal the declaration and exhibits thereto in support of his motion to proceed under a pseudonym, which is a non-dispositive motion. Thus a "particularized showing," under the "good cause" standard of Rule 26(c) will suffice to warrant preserving the secrecy of the material attached to a non-dispositive motion. *See Kamakana*, 447 F.3d at 1180 (9th Cir. 2006) (internal citations omitted).

Federal Rule 26(c) authorizes protective orders for "good cause" to protect parties from annoyance, embarrassment, oppression, or undue burden. Under FRCP 5.2(d) the Court may order an unredacted document be filed under seal without redaction. Much of the Local Rules track the FRCP. Specifically, LR 5.2 requires a motion for leave whenever a party seeks to file documents under seal

and directs the movant to explain the reasons for sealing and whether alternatives (e.g., redaction) are available.

### III. ARGUMENT AND AUTHORITIES

In this case, Plaintiff's unredacted filings contain identifying details that, if made public, would undermine the Court's consideration of Plaintiff's request to proceed pseudonymously. The harm to Plaintiff —substantial risk of reputational harm, safety, potential use for scandalous or libelous purposes, harassment, or exploitation— constitutes a compelling reason for sealing under *Kamakana* and/or "good cause" under Rule 26(c).

Plaintiff has narrowly-tailored his sealing request. Public, redacted versions of the Plaintiff's declaration and exhibits will be filed concurrently with this Motion, ensuring transparency. Only information necessary to protect Plaintiff's identity is withheld.

### IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant this Motion to File Under Seal and award Plaintiff all other relief to which he may be entitled.

DATED: Honolulu, Hawaii, November 25, 2025.

    /s/ Johnathan C. Bolton
JOHNATHAN C. BOLTON
ANDRES ORTIZ

Attorneys for Plaintiff