FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN DOE, | ) | CIVIL NO. 25-00507 JAO-WRP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO PROCEED UNDER A |
| vs. | ) | PSEUDONYM |
| | ) | |
| UNITED STATES | ) | |
| DEPARTMENT OF | ) | |
| HOMELAND SECURITY; U.S. | ) | |
| CUSTOMS AND BORDER | ) | |
| PROTECTION, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER A
PSEUDONYM

Before the Court is Plaintiff John Doe's (Plaintiff) Motion to Proceed

under a Pseudonym (Motion), ECF No. 2.  Defendants United States Department

of Homeland Security and U.S. Defendant Customs and Border Protection (CBP)

(collectively, Defendants) have not been served in this case and did not file a

response to this Motion.  On December 22, 2025, Plaintiff filed a Reply.  See

Reply, ECF No. 19.

The Court finds this Motion suitable for disposition without a hearing

pursuant to Local Rule 7.1(c).  After careful consideration of the record in this

action and the relevant legal authority, the Court DENIES Plaintiff's Motion.  The

Court concludes that Plaintiff must disclose his identity but stays such disclosure

for twenty-one days from the date of this Order and through the pendency of any

appeal of this Order.

BACKGROUND

Plaintiff is a celebrity who has been a naturalized United States citizen

since 2023.  See Memorandum in Support of Motion, ECF No. 2-1 at 1;

Complaint, ECF No. 1 ¶¶ 2, 17.  Since February 2025, he has travelled

internationally four times and has faced scrutiny by CBP agents each time.

Complaint, ECF No. 1 ¶ 18.  CBP told Plaintiff that he was detained "because of

criminal activity from when he lived in his country of birth."  Id.  Each time,

Plaintiff informed CBP "that his criminal convictions were (1) 'spent' under his

country's criminal laws and (2) disclosed to the [United States Citizenship and

Immigration Services (Service)] along with the appropriate waivers; which were

granted; and (3) the Service reviewed his immigration and criminal history a

second time when he applied for naturalization."  Id.  CBP informed Plaintiff that

in order to avoid being stopped while travelling, he needed to "fix his record."  Id.

¶ 19.  Plaintiff, however, does not know what needs to be fixed.  Id.

Plaintiff filed a Freedom of Information Act (FOIA) request with CBP

on March 20, 2025.  Id.  "CBP instantaneously issued a receipt and it has not

invoked any unusual circumstances that would warrant a ten-day extension."  Id.

Plaintiff filed a FOIA appeal on July 27, 2025 because "the request was not

2

adjudicated within the statutory period." Id. ¶ 20.  The appeal, however, was

closed without any documents being provided to Plaintiff.  Id.

On September 26, 2025, Defendants told Plaintiff that there were no

responsive records.  Id. ¶ 21.  Plaintiff then filed another FOIA appeal on October

14, 2025.  Id.  Defendants, however, have not acknowledged the appeal or

produced any records.  Id.  Consequently, Plaintiff filed this action asserting a

claim for violation of FOIA and seeks a declaratory judgment and an order

directing Defendants to produce the responsive records.  Id. ¶¶ 22-26.

DISCUSSION

Federal Rules of Civil Procedure Rule 10(a) states that the title of

every complaint "must name all parties."  Fed. R. Civ. P. 10(a).  This rule "protects

the public's legitimate interest in knowing all the facts involved in a case,

including the identities of the parties."  Doe v. Beaumont Indep. Sch. Dist., 172

F.R.D. 215, 216 (E.D. Tex. 1997).  "This rule embodies the presumption, firmly

rooted in American law, of openness in judicial proceedings," which "harks back

to the English common law, where there existed a rule of openness in both criminal

trials and civil proceedings."  Doe 1 v. Merten, 219 F.R.D. 387, 390 (E.D. Va.

2004); see also Gannett Co. v. DePasquale, 443 U.S. 368, 384 (1979) (noting the

"common-law rule of open civil and criminal proceedings").  Additionally, there

exists a "clear and strong First Amendment interest in ensuring that 'what

3

transpires in the courtroom is public property." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981) (citing Craig v. Harney, 331 U.S. 367, 374 (1947)).  The presumption of openness in judicial proceedings "promotes 'public scrutiny of the judicial process, improves the quality of testimony, encourages public respect for the judicial system, and provides therapeutic value to the community.'" Merten, 219 F.R.D. at 391.

Notwithstanding the presumption of openness, in Does I thru XIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000), the Ninth Circuit held that a party may preserve his or her anonymity in "special circumstances." In Advanced Textile, the Court held that a party may proceed anonymously when (1) nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment; and (2) the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.  Id. at 1067-68 (quotations and citations omitted). The burden is on the party seeking anonymity to prove the need for anonymity outweighs the other party's prejudice and public interest.  Id. at 1068-69.  The Ninth Circuit also noted three examples where parties may proceed anonymously when this standard is met: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party

4

is compelled to admit his or her intention to engage in illegal conduct, thereby

risking criminal prosecution.  Id. at 1068 (quotations and citations omitted).  In this

case, Plaintiff seeks to proceed under pseudonym to protect "a matter of sensitive

and highly personal nature."[1]

### A. Whether Nondisclosure is Necessary to Protect Plaintiff from Harassment, Injury, Ridicule or Personal Embarrassment

The first factor this Court must consider is whether nondisclosure of

Plaintiff's identity "is necessary to protect a person from harassment, injury,

ridicule or personal embarrassment[.]"  Advanced Textile Corp., 214 F.3d at 1067-

68.  Plaintiff argues that he must proceed anonymously because "he faces a serious

risk of reputational harm, and harassment."  See Memorandum in Support of

Motion, ECF No. 2-1 at 5.  Specifically, Plaintiff fears that, if his identity becomes

public in this lawsuit, he "may be forced to speak about his past that [he] has

worked to keep private and off the public's radar."  Id. at 6.  Additionally, he states

that "it would be easy for the public to learn about the lawsuit and inquire as to

why [he] . . . is suing the United States government."[2]  Id. at 7.

---

[1] In his brief, Plaintiff recites the standard for evaluating whether a litigant has a
reasonable fear of retaliation.  See Memorandum in Support of Motion, ECF No.
2-1 at 4; see also Advanced Textile, 214 F.3d at 1068.  Plaintiff, however, does not
articulate a fear of retaliation in his Motion.

[2] Plaintiff also states other concerns unrelated to the merits of this Motion.  For
example, he argues that, "until this is resolved, he risks being caught on camera

As stated above, the Ninth Circuit recognizes the need for a party to proceed anonymously where it is "necessary to preserve privacy in a matter of sensitive and highly personal nature." Advanced Textile, 214 F.3d at 1068.  One such example of a case in this category where plaintiff was allowed to proceed anonymously was a discrimination case involving the sexuality of the plaintiff. See Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437 (S.D.N.Y. 1988).  In its analysis, the district court noted that "[c]oncern to avoid public identification as a homosexual is heightened in light of the widespread public fear engendered by the Acquired Immunodeficiency Syndrome (AIDS) crisis." Id. at 439.  Another example is a case challenging abortion laws brought by a pregnant plaintiff.  See Doe v. Deschamps, 64 F.R.D. 652 (D. Mont. 1974).  In support of its decision to allow the plaintiff to proceed anonymously, the Court held that "[t]he intensely personal nature of a pregnancy does . . . create an unusual case, and in such a case the general policy of full disclosure may well give way to a policy of protecting privacy in a very private matter." Id. at 653.

In this case, Plaintiff's stated concerns – i.e., that he may be asked to speak about his past or the public may learn about this lawsuit – do not demonstrate that anonymity is required "to preserve privacy in a matter of sensitive

---

being arrested by immigration."  See Memorandum in Support of Motion, ECF No. 2-1 at 7.

and highly personal nature."  First, Plaintiff does not adequately argue that there is a sensitive or highly personal matter at stake in this case.  He references his past criminal history in his Motion but does not make a compelling argument that his desire to proceed anonymously in these circumstances outweighs the public's interest in knowing his identity.  See, e.g., Doe v. U.S. Healthworks Inc., 2016 WL 11745513 (C.D. Cal. 2016) (criminal history insufficient to permit plaintiff to proceed anonymously).

Indeed, Plaintiff's stated concerns are speculative at best and do not meet his high burden and fail to overcome the presumption of "openness in judicial proceedings."  See Merten, 219 F.R.D. at 390.  For example, his concern about having to speak out about his past is not fully developed.  See Memorandum in Support of Motion, ECF No. 2-1 at 6.  He does not explain how the public can *compel* him to comment on anything.  His second concern about the public learning about this lawsuit is similarly unpersuasive.  See id. at 7.  Lawsuits are public by their very nature and the public could learn about this case whether Plaintiff proceeds under pseudonym or not.  Additionally, Plaintiff cites no legal authority analyzing his concerns.  Without more, Plaintiff effectively argues that the public should not have access to his identity because he is a celebrity, he "has details in his life that one would want to remain private," and disclosure of his identity might be inconvenient.  This is insufficient.

Second, although Plaintiff's background is sympathetic, it is not central to the merits of this FOIA action.  In cases where plaintiffs were allowed to proceed anonymously, the sensitive matter was directly at issue in the action.  See e.g., United Servs. Life Ins. Co., 123 F.R.D. at 439 (sexual orientation in sex discrimination case); Deschamps, 64 F.R.D. at 653 (pregnancy status in case challenging abortion law).  Here, Plaintiff acknowledges that this background is tangential to the merits of this FOIA case.  See Memorandum in Support of Motion, ECF No. 2-1 at 5 ("the complaint does not contain allegations implicating intensely personal and sensitive matters").  He even concedes that the "sensitive private information" is "*unrelated to the merits of this case.*"  Id. at 1 ("public disclosure of his identity in connection with this litigation would . . . needlessly expose sensitive private information *unrelated to the merits of this case*") (emphasis added).[3]

In sum, Plaintiff fails to demonstrate that proceeding anonymously in this FOIA case is "necessary to protect a person from harassment, injury, ridicule or personal embarrassment."  See Advanced Textile, 214 F.3d at 1067-68.

---

[3] If, as Plaintiff argues, the substance of the information sought in this action contains sensitive information, there are other protective measures available to Plaintiff if he meets those applicable standards.

**B. Prejudice to the Opposing Party and the Public's Interest in Knowing Plaintiff's Identity**

Although the Court determined above that Plaintiff fails to establish that his identity necessary to protect him from harassment, injury, ridicule or personal embarrassment, the Court nevertheless considers the prejudice to Defendants and the public's interest in knowing Plaintiff's identity. To that end, the Court must examine the precise prejudice at each stage of the proceedings, whether proceedings may be structured to mitigate that prejudice, and whether the public's interest in the case would best be served by requiring that litigants reveal their identities. Advanced Textile, 214 F.3d at 1068.

Here, although no claim of prejudice is currently before the Court, proceeding anonymously in this case "runs afoul of the public's common law right of access to judicial proceedings." Id. at 1067. Indeed, "identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." United States v. Stoterau, 524 F.3d 988 (9th Cir. 2008) (quoting Doe v. Blue Cross & Blue Sield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997) (internal quotations omitted). Consequently, the Court finds that Plaintiff has not established that his desire to proceed anonymously outweighs prejudice to Defendants or the public's interest in Plaintiff's identity. Advanced Textile, 214 F.3d at 1067-68

9

Consequently, Plaintiff fails to meet his burden of proving that proceeding under pseudonym is necessary to protect him from "harassment, injury, ridicule or personal embarrassment" or that his need for anonymity outweighs prejudice to Defendants and the public's interest in knowing his identity. <u>Advanced Textile</u>, 214 F.3d at 1067-68. Accordingly, the Court denies request to proceed under a pseudonym and concludes that Plaintiff must disclose his identity in an amended complaint. The Court STAYS such disclosure for twenty-one days from the date of this Order and through the pendency of any appeal of this Order. If no appeal of this Order is taken, Plaintiff shall file an amended complaint disclosing his identity no later than twenty-one days from the date of this Order.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Proceed under a Pseudonym, ECF No. 2, is DENIED. Plaintiff must disclose his identity, but such disclosure is STAYED for twenty-one days from the date of this Order and through the pendency of any appeal of this Order. If no appeal of this Order is taken, Plaintiff shall file an amended complaint disclosing his identity no later than twenty-one days from the date of this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 28, 2026.



Wes Reber Porter
United States Magistrate Judge

John Doe v. United States Department of Homeland Security; U.S. Customs and Border Patrol; CIVIL NO. 25-00507 JAO-WRP; ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM.